**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CHRIS MARTIN,

               Petitioner - Appellant,

    v.

DON MILLS,

               Respondent - Appellee.

No. 09-35055

D.C. No. 3:07-cv-01518-MO

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Argued and Submitted December 10, 2009
Portland, Oregon

Before: FARRIS, D.W. NELSON and BERZON, Circuit Judges.

Chris Martin appeals the district court's denial of his petition for the writ of

habeas corpus. After a two-day jury trial in Oregon state court, Martin was

convicted of Assault in the Second Degree, Assault in the Fourth Degree,

Menacing, and three counts of Felon in Possession of a Firearm. Martin argues

---

     [*]   This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

that his trial attorney provided constitutionally ineffective assistance by not moving to sever the firearm charges from the other charges.

According to evidence presented at trial, Martin and his girlfriend, Catherine Comer, began to argue while driving home in Martin's truck. When Comer "just got tired of [arguing]," she tried to open the passenger door to jump out, but Martin pulled her back into the truck by her arm. Comer testified that Martin then bit her on her thigh, held her down, kicked her repeatedly with his cowboy boots, choked her, and threatened to kill her. During this altercation, Martin put a boot on Comer's throat with enough pressure to prevent her from breathing. When she told Martin that she was unable to breathe, Martin told Comer he was going to "kill [her] and put [her] body in a ditch somewhere." Comer pleaded with Martin to take his foot off of her throat, and he complied. Once at home, Comer dialed 911. When police arrived, they discovered an unloaded rifle in the backseat of Martin's truck and two more rifles in a closet within the house.

Martin testified in his own defense. He did not dispute that he inflicted injuries on Comer, but claimed that Comer had attempted suicide a couple of times in the past, and that his actions were necessary to prevent her from injuring herself by jumping from the moving truck.

The jury acquitted Martin of Assault in the First Degree and Interfering with Making a Report, but convicted him of all other counts. After exhausting state post-conviction relief procedures, Martin filed this federal habeas corpus petition in the United States District Court for the District of Oregon. The district court denied Martin's petition on November 17, 2008.

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Martin argues that his trial counsel's failure to move to sever the firearms charges amounted to constitutionally ineffective assistance of counsel. To establish ineffective assistance, Martin must show that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

Even if trial counsel's performance was deficient, Martin has not shown a reasonable probability that, but for counsel's failure to file a motion to sever, the verdict would have been different. *See Strickland*, 466 U.S. at 694.

Martin argues at length that he was prejudiced because he never should have been charged with or convicted of the firearms charge. He argues that more than 15 years had elapsed since he was last under probation for his Theft conviction. But this argument was not fairly presented to the Oregon Supreme Court and is not encompassed in the failure to sever argument, so we do not consider it. *See Rose v. Lundy*, 455 U.S. 509, 519 (1982).

Martin's main argument is that trial counsel's failure to file a motion to sever the charges improperly resulted in the jury becoming aware that Martin was a convicted felon, and resulted in the presentation to the jury of some link between the charged domestic violence and firearms where, in fact, there was none.

We may assume that in the circumstances of this case, there is a reasonable probability under Oregon law that a motion to sever, if made, would have been granted. But Martin has failed to demonstrate a substantial probability that the outcome of the case would have been different if the motion had been filed and granted. There was no dispute at trial that Comer suffered significant injuries, nor was it disputed that Martin inflicted them. The emergency room physician who examined Comer testified that she suffered potentially life-threatening injuries that were consistent with the version of events she related to him and to the jury. He concluded that, contrary to Martin's version of events, Comer was lying face up

4

and fighting violently for her life while "being stomped by boots" on her face and chest. As the district court stated, Comer's testimony was particularly strong because it included her statements that she was reluctant to testify against Martin due to her love for him. As Martin's trial attorney later admitted, the evidence against Martin was "overwhelming."

Furthermore, the jury acquitted Martin of the most serious assault charge as well as the Interfering with Making a Report charge, so the jury remained objective and impartial in spite of the firearms charges.

In sum, the state court's rejection of Martin's claim that his trial counsel was ineffective for failing to seek severance of the firearms charges was not an unreasonable application of *Strickland*. The district court therefore properly denied the application for a writ of habeas corpus.

AFFIRMED.